AARON D. FORD
  Attorney General
JEFFERY A. COGAN, Bar No. 4569
  Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1261
E-mail: jcogan@ag.nv.gov

*Attorneys for Defendants*
*Dr. Romeo Aranas and Dr. Michael Minev*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TYRONE T.H. NALL,<br><br>    Plaintiff,<br><br>vs.<br><br>KIM ADAMSON, et al.,<br><br>    Defendants. | Case No. 3:19-cv-00054-MMD-CLB<br><br>**DEFENDANTS' MOTION FOR EXTENSION OF TIME TO SERVE DISCOVERY RESPONSES TO INTERROGATORIES SECOND SET AND REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)**<br>**(FIRST REQUEST)** |

Defendants Romeo Aranas and Michael Minev, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Jeffrey A. Cogan, Deputy Attorney General, submits this Motion for Extension of Time to Serve Discovery Responses to Interrogatories to Romeo Aranas, (Second Set) and Request for Production of Documents to Michael Minev, First Request (Set One).

POINTS AND AUTHORITIES

I.    INTRODUCTION

This is a *pro se* prisoner civil rights action brought by inmate Plaintiff Tyrone T.H. Nall (Plaintiff) concerning events that allegedly took place at the Lovelock Correctional Center (LCC), asserting claims arising under 42 U.S.C. § 1983. Plaintiff alleged that he he suffers from neuropathy and fibromyalgia and was being successfully treated for the associated pain with doses of 300 mg. of Neurontin. (ECF No. 9 at 6). While at Lovelock Correction Center (LCC) his dosages of Neurontin was increased. (*Id*. at 6-7). He alled

1

1. that in December, 2016, Nevada Department of Corrections (NDOC) Medical Director Romeo Aranas dropped Neurontin from being used to treat neuropathy and fibromyalgia. Alternative drugs were prescribed which did not work. (*Id.* at 7). On July 2, 2018, the current NDOC Medical Director stated that Plaintiff's denial of prescriptions was a "decision made outside our facility." (*Id.* at 12, 43). Plaintiff alleged that Defendants were deliberately indifferent to his medical needs in violation of his Eighth Amendment rights. (*Id.* at 5, 13-14).

On November 9, 2020, Plaintiff propounded seven Requests for Production of Documents (First Request) to Michael Minev and three Interrogatories (Second Request) to Romeo Aranas. The Request for Production of Documents seeks Plaintiff's medical records from 2004 to the present. Defendants are seeking the documents required to respond to the Interrogatories and the Requests for Productions but still have not procured the complete file. Defendants also will object to some of the discovery.

The Court's Scheduling Order states that discovery shall be completed by December 10, 2020. (ECF No. 20 at 2, lines 8-9).

## II.  LEGAL STANDCARD

"For good cause, the court may extend the time prescribed by these rules or by its order to perform any act, or may permit an act to be done after that time expires." Fed. R. Civ. P. 26(b). "The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented before the time fixed for the purpose in question has expired). *Michaud v. Baker,* 3:17-cv-00718-MMD-CBC, 2019 WL 1292679, *1 (D. Nev. March 20, 2019) citing *Canup v. Miss. Valley Barge Line Co.,* 31 F.R.D. 282, 283 (D. Pa. 1962). The *Canup* Court explained that the "practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, ilnnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made." *Id.* citing *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D. Ohio 1947). The good

cause standard considers a party's diligence in seeking the continuance or extension. *See In re Western States Wholesale Natural Gas Antitrust Litigation,* 715 F.3d 716, 737 (9th Cir. 2013) citing *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992).

### III. ARGUMENT

Defendants' request is timely as discovery was served on November 9, 2020 and is not due until December 14, 2020. Since receiving the discovery, Defendants' counsel has been preparing proposed responses for client review and had delays in completing the answers. Due to the recent increase of COVID-19 cases within the NDOC institutions, most of the support staff have been sent home for safety concerns. This has made obtaining necessary documents difficult across the board. Additionally, the Office of the Attorney General (OAG), in accordance with Governor Sisolak's Stay at Home 2.0 order, has required all employees, including support staff to return to a completely remote workplace. This has created some new challenges with regards to deadlines and getting discovery out. However, the Office is working diligently to make certain that we can get all deadlines met and discovery out in a timely fashion.

Because discovery must be completed by December 10, 2020 pursuant to the Court's Scheduling Order (ECF No. 20), there is little prejudice to Plaintiff by the extension as he may not propound additional discovery. Plaintiff's case will not be hindered despite that motions for summary judgment are due by January 11, 2021. The additional time will allow for more thorough response to Plaintiff's discovery requests. Defendants' request an extension of fourteen (14) days to December 22, 2020 to allow Defendants to adequately research, obtain the needed documents and respond to Plaintiff's extensive discovery requests.

DATED this 11th of December, 2020.

IT IS SO ORDERED.

Dated: December 11, 2020

_____
UNITED STATES MAGISTRATE JUDGE

AARON D. FORD
Attorney General

By: /s/ Jeffrey A. Cogan
JEFFREY A. COGAN, Bar No. 4569
Deputy Attorney General
*Attorneys for Defendants*

3

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 11th day of December, 2020, I caused to be served, a true and correct copy of the foregoing, **DEFENDANTS' MOTION FOR EXTENSION OF TIME TO SERVE DISCOVERY RESPONSES TO INTERROGATORIES SECOND SET AND REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE) (FIRST REQUEST)**, by U.S. District Court CM/ECF Electronic Filing on:

Tyrone Nall #55462
Care of LCC Law Librarian
Lovelock Correctional Center
1200 Prison Road
Lovelock, NV 89419
lcclawlibrary@doc.nv.gov

_____
An employee of the
Office of the Attorney General

4