AARON D. FORD
  Attorney General
JEFFERY A. COGAN, Bar No. 4569
  Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1261
E-mail:  jcogan@ag.nv.gov

*Attorneys for Defendants*
*Dr. Romeo Aranas and Dr. Michael Minev*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TYRONE T.H. NALL,<br><br>            Plaintiff,<br><br>vs.<br><br>KIM ADAMSON, et al.,<br><br>            Defendants. | Case No.  3:19-cv-00054-MMD-CLB<br><br>**DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO FILE SUMMARY JUDGMENT**<br>**(First Request)** |

Defendants Romeo Aranas, M.D. and Michael Minev, M.D. by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Jeffrey A. Cogan, Deputy Attorney General, moves this Court for an enlargement of time to move for summary judgment.

### POINTS AND AUTHORITIES

**I.     INTRODUCTION**

This is a pro se prisoner civil rights action brought by inmate Plaintiff Tyrone T.H. Nall (Plaintiff) concerning events that allegedly took place at the Lovelock Correctional Center (LCC), asserting claims arising under 42 U.S.C. § 1983. Plaintiff alleged that he suffered from neuropathy and fibromyalgia and was being successfully treated for the associated pain with doses of 300 mg. of Neurontin. (ECF No. 9 at 6). While at Lovelock Correction Center (LCC), Nall's dosages of Neurontin was increased. (*Id.* at 6-7). He

1

alleged that in December 2016, Nevada Department of Corrections (NDOC) Medical Director Romeo Aranas dropped Neurontin from being used to treat neuropathy and fibromyalgia. (*Id.* at 7.)

Alternative drugs were prescribed which did not work. (*Id.* at 7). On July 2, 2018, the current NDOC Medical Director stated that Plaintiff's denial of prescriptions was a "decision made outside our facility." (*Id.* at 12, 43). Plaintiff alleged that Defendants were deliberately indifferent to his medical needs in violation of his Eighth Amendment rights. (*Id.* at 5, 13-14).

On September 11, 2020, this Court entered its Scheduling Order for Civil Rights Actions Filed by Incarcerated Pro Se Plaintiffs and set the date to file and serve motions for summary judgment by January 11, 2021.  (ECF 20.)

On November 9, 2020, Plaintiff propounded seven Requests for Production of Documents (First Request) to Michael Minev and three Interrogatories (Second Request) to Romeo Aranas. The Request for Production of Documents seeks Plaintiff's medical records from 2004 to the present.  On December 11, 2020, the undersigned submitted a motion to serve discovery responses. (ECF No. 23).  Unbeknownst to the undersigned, defendant Michael Minev's administrative assistant came down with Covid-19 and Dr. Minev was without support staff for most of December 2020.

On December 13, 2020, the undersigned suffered a vitvecus hemorrhage in his left eye, making him unable to see out of that eye.  On December 21, 2020, ophthalmologic surgeon, Hardeep S. Dhindsa, M.D., was to perform laser surgery on the undersigned's left eye, but Dr. Dhinda determined that the better course of treatment was to wait until February 3, 2021, to conduct the surgery.  Dr. Dhinda execused the undersigned from work until January 15, 2021, as it is very difficult to read and perform work on the computer due to the temporary blindness of the left eye.  See Exhibit A.

The undersigned spoke to Dr. Aranas today as to the status of the discovery responses and counsel expects to get them served on Nall by January 19, 2021.  The undersigned also emailed Dr. Minev's assistant, who is still working a limited schedule

and the assistant will also endeavor to get the discovery back to the Office of the Attorney General to also have those responses served by January 19, 2021.

## II.   LEGAL STANDARD

"For good cause, the court may extend the time prescribed by these rules or by its order to perform any act, or may permit an act to be done after that time expires." Fed. R. Civ. P. 26(b). "The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (i.e., a request presented before the time fixed for the purpose in question has expired). *Michaud v. Baker*, 3:17-cv-00718-MMD-CBC, 2019 WL 1292679, *1 (D. Nev. March 20, 2019) citing *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D. Pa. 1962). The *Canup* Court explained that the "practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made." *Id.* citing *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D. Ohio 1947). The good cause standard considers a party's diligence in seeking the continuance or extension. *See In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 737 (9th Cir. 2013) citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

## III.   ARGUMENT

Defendants' request is timely as the deadline to file a motion for summary judgment is January 11, 2021. (ECF No. 20.)  The Office of the Attorney General (OAG), in accordance with Governor Sisolak's Stay at Home 2.0 order, has required all employees, including support staff, to return to a completely remote workplace. New challenges have arisen regarding deadlines and the undersigned obtaining assistance in filing for summary judgment.  Neither Dr. Minev's assistant contracting Covid-19 nor the undersigned suffering a vitvecus hemorrahage were contemplated and the illness of both have caused a small delay in this proceeding.  *Canup* recognized illness as a valid reason

for an extension of time to be granted. This Motion is timely as it is being filed on the date that dispositive motions are due.

Had the summary judgment motion been filed on January 11, 2021, the undersigned would have requested that Nall receive additional time of at least 17 days after service of the discovery responses. Defendants request an extension of seven (7) days to January 19, 2021 to allow Defendants to complete the motion and possibly include the discovery responses in support of summary judgment.

Defendants propose that the undersigned file a notice with the Court stating that the outstanding discovery has been served to allow the Court to advise Nall when his responsive pleading to Defendants' summary judgment is due.

### III.  CONCLUSION

Based on the foregoing, Defendants respectfully request that this Honorable Court grant their Motion for Enlargement of Time (First Request) and allow them up to and including Tuesday, January 19, 2021, to file their motion for summary judgment.

DATED this 11th day of January, 2021

        AARON D. FORD
        Attorney General

By:  /s/ Jeffrey A. Cogan
      JEFFREY A. COGAN, Bar No. 4569
      Deputy Attorney General

*Attorneys for Defendants*

IT IS SO ORDERED.

Dated: January 12, 2021

_____
UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 11th day of January, 2021, I caused to be served a copy of the foregoing, **DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO FILE SUMMARY JUDGMENT (First Request)** , by U.S. District Court CM/ECF Electronic Filing to:

Tyrone T.H. Nall #55462
Care of LCC Law Librarian
Lovelock Correctional Center
1200 Prison Road
Lovelock, Nevada 89419
lcclawlibrary@doc.nv.gov

_____
An employee of the
Office of the Attorney General

# EXHIBIT A

Dr. Note

# EXHIBIT A



Hardeep S. Dhindsa, M.D., F.A.C.S

5470 Kietzke Ln.
2nd Floor, STE 205
Reno, NV 89511
Telephone: 775.737.9411
Fax: 775.737.9413

**HD Retina eye center ltd.**

Patient: Jeffrey Cogan       DOB: 5/10/1961

Address: _____   Date: 12/21/20

℞ Please excuse patient from work from 12/21/20–01/15/21 as he is under my care and his condition makes it difficult to read and see computer. Please call if you have questions.

Refill ___ Times

Dispense Only as Written ☐

_____ M.D., F.A.C.S.

DEA # _____   Nevada Licence # _____