**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TYRONE T.H. NALL, | Case No. 3:19-cv-00054-MMD-CLB |
| Plaintiff, | |
| v. | **ORDER** |
| KIM ADAMSON, et. al., | |
| Defendants. | |

This case involves a civil rights action filed by Plaintiff Tyrone T.H. Nall ("Nall"), involving the treatment provided to Nall for fibromyalgia and peripheral neuropathy while he was in the custody of the Nevada Department of Corrections ("NDOC"). (ECF No. 10). Nall moved to compel Defendant Michael Minev ("Minev") to provide documents he requested during discovery in this case, specifically his own medical records. (ECF No. 38).[1] Minev filed a response claiming the motion should be denied as moot because he has since provided the requested documents to Nall. (ECF No. 39). In reply, it appears that Nall admits that Minev provided the requested documents for his review with the Warden's office. (ECF No. 40 at 1-2). However, citing to an unpublished order issued by another judge in this district, Nall claims that Minev was required to provide him with a copy of his medical records that he could maintain in his cell. (ECF No. 40).

///

///

---

[1] Nall also filed a second motion entitled, "Motion for Submission of Decision of Motion to Compel." (ECF No. 42). Such a filing is improper and is denied. Nall is advised that the court decides motions one at a time, as they are received from litigants. At any given time, the court has hundreds of motions pending before it and thus it takes time to get to each motion. Filing additional motions attempting to speed up the court's decision on another motion, or highlight the filing of a motion, slows down the process and bogs down the court's docket. Accordingly, the motion for submission (ECF No. 42) is denied as moot, considering this order.

**I.     FACTUAL AND PROCEDURAL HISTORY**

The facts and history related to the present discovery dispute are as follows. On November 9, 2020, Nall mailed Minev a set of requests for production of documents. (ECF No. 39 at 2). Minev was required to respond to the request by no later than Wednesday, December 15, 2020. *See* Fed. R. Civ. P. 34(b)(2)(A) (response due within 30 days); Fed. R. Civ. P. (a), (d) (calculation of time including adding 3 days for mailing and when period ends of Saturday proceed to next court day).

On December 11, 2020, Defendant filed a motion seeking an extension of time to respond to Nall's request. (ECF No. 24). The court granted the extension and set the new deadline for December 22, 2020. (ECF No. 24). Defendant, by his own admission, did not comply with this deadline.[2] Rather, 26 days later, on January 14, 2021, Minev provided some of the documents responsive to his requests. (ECF No. 39 at 2). On this date, Minev asserts he provided "335 pages to Nall, with an admonition that Nall would be required to kite to see the documents." (*Id.*) Presumably, these records were Nall's medical records Minev did not provide directly to Nall.

On January 19, 2021, Nall sent Minev a letter requesting a "meet and confer" related to the issues surrounding these discovery issues. (ECF No. 38 at 12-13.) There is no evidence Minev responded to this letter. On January 26, 2021, Nall sent Minev a second meet and confer letter regarding these issues. (ECF No. 38 at 16-17). Again, Minev did not respond. Thereafter, Nall filed the current motion to compel. (ECF No. 38).

Minev did two things in response to Nall's Motion. First, he sent Nall another 98 pages of medical records. (ECF No. 39 at 2). Next, Minev filed his response claiming the motion to compel should be denied because "Nall has received all documents he

---

[2] Defendant's counsel claims that he suffered a serious illness on December 17, 2021 which he stated made "it very difficult to work." (ECF No. 39 at 2). While the court is sympathetic to Defense Counsel medical issues, he works for the Nevada Attorney General's Office and is not a solo practitioner. There is no explanation in the response why another attorney was not asked to assist with this deadline or why another extension was not obtained, given the medical issues, prior to the deadline expiring.

requested." (*Id.*) Minev did not assert or argue that the requests were improper or irrelevant. Rather, he simply claimed the motion should be denied because he allegedly complied. Of note, Minev also did not address or respond, in any way, to Nall's argument that Minev's production was insufficient because he simply made the records available for Nall's review at the Warden's Office.

In reply, Nall acknowledges Minev provided the records he requested in discovery. (ECF No. 40 at 1-2). However, he reiterates that the production was insufficient because he was not given a copy of the records. Rather, he claims Minev was required to provide him a physical copy of the records. In support of this argument, he cites to an order issued by Judge Cobb in *Ruiz v. NDOC*, Case No. 3:17-cv-00643-RCJ-WGC, ECF No. 40.

Thus, contrary to Minev's Response, this motion is not entirely moot. Although Minev may have made the records available for Nall's review, Minev did not respond to the Nall's argument that he should be provided a copy of these records that he could maintain in his cell.

## II. ANALYSIS

The Federal Rules of Civil Procedure permit a party to "move for an order compelling an answer, designation, production, or inspection," if: (iv) a party fails to produce documents . . . requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(A)-(B). Federal Rule of Civil Procedure 26(b)(l) provides that, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P 26(b)(1). The rule identifies six factors regarding proportionality: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) and whether the burden and expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P 26(b)(1). The party opposing discovery has the burden of showing that the discovery requested is irrelevant, over broad, or unduly burdensome. *Fosbre v.*

*Las Vegas Sands Corp.*, 2016 U.S. Dist. LEXIS 1073, 2016 WL 54202, at 4 (D. Nev. Jan. 5, 2016).

Here, Minev does not dispute that the evidence requested in discovery was relevant and is proportional to the needs of the case. In fact, Minev asserts that he provided the requested discovery to Nall by making the documents available for Nall's inspection at the Warden's Office. Thus, on this basis alone, Minev claims the motion should be denied as moot.

However, Nall claims that Minev has not sufficiently complied with his discovery obligations because he did not provide him a copy of the records directly. Nall cites to an order entered by Magistrate Judge Cobb in another case which granted a request by an inmate to receive a copy of his medical records in litigation that related to the inmate's medical treatment at the expense of the NDOC.

Pursuant to Local Rule 7-2, "the failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to granting the motion." Here, Minev failed to oppose Nall's motion to the extent he specifically requested to personally receive a copy of his medical records. On this basis alone, the court could grant Nall's motion in its entirety.

However, despite Minev's failure to responds to this argument, the court has reviewed and considered the merits of Nall's argument, including reviewing and analyzing the order cited by Nall in *Ruiz v. NDOC*, Case No. 3:17-cv-00643-RCJ-WGC at ECF Number 40, which was issued by Judge Cobb. Although this order is not binding on the court, after thorough consideration and independent research and analysis, the court finds Judge Cobb's analysis both persuasive and appropriate with respect to AR 639.08.

Therefore, the court adopts the analysis, reasoning, and conclusions in Judge Cobb's order related specifically to AR 639.08. Specifically, this court finds that the plain meaning of AR 639.02(8) grants inmates engaged in litigation directly involving medical records to possess relevant copies of the records. In addition, the court also finds that

4

those medical records must be provided to the inmate at the NDOC's expense. As such, the court grants Nall's motion to compel. (ECF No. 38). Within fourteen (14) days of the issuance of this order, Minev is ordered and directed to provide copies of Nall's medical records directly to him at the NDOC's expense.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Nall's Motion to Compel (ECF No. 38) is granted.

**IT IS FURTHER ORDERED** that within fourteen (14) days of the issuance of this order, Minev is ordered and directed to provide copies of Nall's medical records directly to him at the NDOC's expense.

**IT IS FURTHER ORDERED** that Nall's Motion for Submission of Decision of Motion to Compel (ECF No. 38) is denied as moot.

**DATED**: April 6, 2021

_____
**UNITED STATES MAGISTRATE JUDGE**