# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TYRONE T.H. NALL,

    Plaintiff,

v.

KIM ADAMSON, et al.,

    Defendants.

Case No. 3:19-CV-00054-MMD-CLB

**ORDER**

Before the court is Defendants' motion for leave to file medical records under seal in support of Defendants' motion for summary judgment (ECF No. 46), and Plaintiff's motion to unseal medical records. (ECF No. 50.) Defendants responded to the motion to unseal, (ECF No. 53), and Plaintiff replied (ECF No. 54). For the reasons discussed below, the court grants Defendants' motion to seal (ECF No. 46), and grants, in part, and denies, in part, Plaintiff's motion to unseal. (ECF No. 50.)

"The courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Courthouse News Serv. v. Planet*, 947 F.3d 581, 591 (9th Cir. 2020) (quoting *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1069 (7th Cir. 2018)). Certain documents are exceptions to this right and are generally kept secret for policy reasons, including grand jury transcripts and warrant materials in a pre-indictment investigation. *United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1192 (9th Cir. 2011) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).

If a party seeks to file a document under seal, there are two possible standards the party must address: the compelling reasons standard or the good cause standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). The choice between the two standards depends on whether the documents proposed for sealing accompany a motion that is "more than tangentially related" to the merits of the

case. *Id.* at 1099. If it is more than tangentially related, the compelling reasons standard applies. If not, the good cause standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1102.

Here, Defendants seek to file exhibits under seal in connection with their motion for summary judgment (ECF No. 45), which are "more than tangentially related" to the merits of a case. Therefore, the compelling reasons standard applies.

Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *United States v. Carpenter*, 923 F.3d 1172, 1179 (9th Cir. 2019) (quoting *Ctr. for Auto Safety*, 809 F.3d at 1096-97) (alteration in original). Finding a compelling reason is "best left to the sound discretion" of the court. *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

This court, and others within the Ninth Circuit, have recognized that the need to protect medical privacy qualifies as a "compelling reason" for sealing records, since medical records contain sensitive and private information about a person's health. *See, e.g., Spahr v. Med. Dir. Ely State Prison*, No. 3:19-CV-0267-MMD-CLB, 2020 WL 137459, at \*2 (D. Nev. Jan. 10, 2020); *Sapp v. Ada Cnty. Med. Dep't*, No. 1:15-CV-00594-BLW, 2018 WL 3613978, at \*6 (D. Idaho July 27, 2018); *Karpenski v. Am. Gen. Life Companies, LLC*, No. 2:12-CV-01569RSM, 2013 WL 5588312, at \*1 (W.D. Wash. Oct. 9, 2013). While a plaintiff discloses aspects of his medical condition at issue when he files an action alleging deliberate indifference to a serious medical need under the Eighth Amendment, that does not mean that all his medical records filed in connection with a motion (which often contain unrelated medical information) must be broadcast to the public. In other words, the plaintiff's interest in keeping his sensitive health information confidential outweighs the public's need for direct access to the medical records.

Here, the referenced exhibits contain Plaintiff's sensitive health information, medical history, and treatment records. Balancing the need for the public's access to information regarding Plaintiff's medical history, treatment, and condition against the need to maintain the confidentiality of Plaintiff's medical records weighs in favor of sealing these

exhibits. Therefore, Defendants' motion to seal (ECF No. 46) is **GRANTED**.

That being said, Plaintiff's motion to unseal argues the records should not be sealed because he needs copies of those records so he can meaningfully respond to Defendants' motion for summary judgment. (ECF No. 50.) As this court has previously ruled, inmates engaged in litigation directly involving medical records should have the ability to possess relevant copies of the records. As such, while the court finds that Plaintiff's medical records should be sealed on the docket, the court grants Plaintiff's motion insofar as it requests that Plaintiff be given copies of the medical records filed in support of the motion for summary judgment to be maintained in his cell. Accordingly, Plaintiff's motion to unseal (ECF No. 50) is **GRANTED, IN PART, AND DENIED, IN PART.** Within **seven (7) days** of the issuance of this order, Defendants are directed to provide directly to Plaintiff, copies of the exhibits filed under seal at ECF No. 46, at the NDOC's expense.

**IT IS SO ORDERED.**

**DATED:** June 4, 2021

_____
**UNITED STATES MAGISTRATE JUDGE**