UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TYRONE T.H. NALL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KIM ADAMSON, *et al.*,<br><br>　　　　　Defendants. | Case No. 3:19-CV-00054-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]<br><br>[ECF Nos. 44, 45] |

This case involves a civil rights action filed by Plaintiff Tyrone T.H. Nall ("Nall") against Defendants Romeo Aranas ("Aranas") and Michael Minev ("Minev") (collectively referred to as "Defendants"). Currently pending before the Court are competing motions for summary judgment. (ECF Nos. 44, 45.) On May 5, 2021, Nall filed his motion for summary judgment, (ECF No. 44). Defendants responded, (ECF No. 55), and Nall replied, (ECF No. 68). On May 5, 2021, Defendants also filed their motion for summary judgment, (ECF Nos. 45, 47).[2] Nall responded, (ECF No. 66), and despite being granted an extension of time, (ECF No. 70), Defendants did not reply. For the reasons stated below, the Court recommends that Nall's motion for summary judgment, (ECF No. 44), and Defendants' motion for summary judgment, (ECF No. 45), be denied.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Nall is an inmate currently in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at the Lovelock Correctional Center ("LCC"). (ECF No. 9.) On February 1, 2019, proceeding *pro se*, Nall filed an inmate civil rights complaint pursuant to 42 U.S.C. § 1983, ("Complaint"), seeking injunctive relief, declaratory relief,

---

[1]    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]    ECF No. 47 consists of exhibits filed under seal in support of Defendants' motion for summary judgment.

and monetary damages for events that occurred while Nall was incarcerated at the LCC. (ECF No. 8.) In accordance with 28 U.S.C. § 1915A(a), the District Court screened Nall's original complaint and dismissed the complaint, in its entirety, without prejudice and leave to amend. (ECF No. 7.) Accordingly, Nall filed his First Amended Complaint ("FAC") on August 8, 2019. (ECF No. 9.)

Nall's FAC alleges in 2004 or 2005, a doctor diagnosed Nall with fibromyalgia and peripheral neuropathy. (*Id.* at 6.) That doctor prescribed Nall doses of 300 mg of Neurontin for the pain resulting from his medical conditions. (*Id.*) The Neurontin substantially reduced Nall's pain. (*Id.*) While Nall was at LCC, four doctors diagnosed him with fibromyalgia, peripheral neuropathy, and central nervous system damage, and they prescribed him increased dosages of Neurontin for his nerve pain. (*Id.* at 6-7.)

In December 2016, NDOC Medical Director Romeo Aranas dropped Neurontin from being used to treat neuropathy and fibromyalgia and limited the availability of Neurontin to two other conditions. (*Id.* at 7, 21.) Thus, Nall asserts Aranas adopted a policy that denied Neurontin to all inmates such as Nall who suffered from fibromyalgia, to save money. (*Id.* at 7, 10.)

On January 30, 2020, the Court screened Nall's FAC and allowed him to proceed on one claim for Eighth Amendment deliberate indifference to serious medical needs against Defendants.[3] (ECF No. 10.) Specifically, the Court found that Nall stated a colorable Eighth Amendment claim against Defendant Aranas based on Nall's allegations that Aranas adopted a policy that necessarily would deny Neurontin to all persons with fibromyalgia and require them to use less effective medication and Aranas did so for financial rather than medical reasons. (*Id.* at 8-9.) Additionally, the Court allowed Nall to proceed on his claim for injunctive relief related to the Neurontin policy against the current

---

[3] Nall also named Dr. Kim Adamson, Rusty Donnelly, Katherine Hegge, Renee Baker, and Brian Egerton as defendants in his FAC. (ECF No. 9.) However, the Court dismissed those defendants, with prejudice, from this action. (ECF No. 10 at 11.)

NDOC Medical Director, Minev.[4] (*Id.* at 9.)

### A. Nall's Motion for Summary Judgment (ECF No. 44)

On May 5, 2021, Nall filed his motion for summary judgment. (ECF No. 44.) Nall asserts he is entitled to summary judgment because: (1) Aranas's decision to stop the use of Neurontin NDOC-wide, intentionally interfered with Nall's treatment for neuropathy; (2) Nall was recklessly and callously subjected to suffer pain caused by his neuropathy for 4 years, until Neurontin and Lyrica were added to the NDOC's formulary by Minev; (3) the right to pain management is clearly established by law and Defendants should be denied qualified immunity; and (4) Arana's action of denying Nall meaningful medications to treat his neuropathic pain clearly indicates that Aranas deliberately chose a course of treatment that resulted in the wanton infliction of pain and therefore, Aranas was deliberately indifferent to Nall's serious medical needs. (*Id.*)

### B. Defendants' Motion for Summary Judgment (ECF No. 45)

On May 5, 2021, Defendants also filed their motion for summary judgment. (ECF No. 45.) Defendants assert they are entitled to summary judgment because: (1) Defendants were not deliberately indifferent to Nall's medical needs; (2) Nall's preferred choice of prescription treatment which differed from the treatment NDOC provided cannot form a basis for deliberate indifference; and (3) alternatively, Defendants are entitled to qualified immunity. (*Id.*)

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law applicable to the claim or claims determines which facts are material.

---

[4]  When a plaintiff seeks injunctive relief based on a policy, the person who can appropriately respond and provide the injunctive relief may be named as a defendant even if there are not adequate allegations that the defendant participated in the violation. *See Colwell v. Bannister*, 763 F.3d 1060, 1070 (9th Cir. 2014).

*Coles v. Eagle*, 704 F.3d 624, 628 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). Only disputes over facts that address the main legal question of the suit can preclude summary judgment, and factual disputes that are irrelevant are not material. *Frlekin v. Apple, Inc.*, 979 F.3d 639, 644 (9th Cir. 2020). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Anderson*, 477 U.S. at 248.

The parties subject to a motion for summary judgment must: (1) cite facts from the record, including but not limited to depositions, documents, and declarations, and then (2) "show [] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Documents submitted during summary judgment must be authenticated, and if only personal knowledge authenticates a document (i.e., even a review of the contents of the document would not prove that it is authentic), an affidavit attesting to its authenticity must be attached to the submitted document. *Las Vegas Sands, LLC v. Neheme*, 632 F.3d 526, 532-33 (9th Cir. 2011). Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish the absence or presence of a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 856 (9th Cir. 2019).

The moving party bears the initial burden of demonstrating an absence of a genuine dispute. *Soremekun*, 509 F.3d at 984. "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun*, 509 F.3d at 984. However, if the moving party does not bear the burden of proof at trial, the moving party may meet their initial burden by demonstrating either: (1) there is an absence of evidence to support an essential element of the nonmoving party's claim or claims; or (2) submitting admissible evidence that establishes the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party. *See Pakootas v. Teck Cominco*

4

1  *Metals, Ltd.*, 905 F.3d 565, 593-94 (9th Cir. 2018); *Nissan Fire & Marine Ins. Co. v. Fritz
2  Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The court views all evidence and any
3  inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v.
4  Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014). If the moving party does not meet its
5  burden for summary judgment, the nonmoving party is not required to provide evidentiary
6  materials to oppose the motion, and the court will deny summary judgment. *Celotex*, 477
7  U.S. at 322-23.

8  Where the moving party has met its burden, however, the burden shifts to the
9  nonmoving party to establish that a genuine issue of material fact actually exists.
10 *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, (1986). The
11 nonmoving party must "go beyond the pleadings" to meet this burden. *Pac. Gulf Shipping
12 Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 897 (9th Cir. 2021) (internal
13 quotation omitted). In other words, the nonmoving party may not simply rely upon
14 the allegations or denials of its pleadings; rather, they must tender evidence of specific
15 facts in the form of affidavits, and/or admissible discovery material in support of its
16 contention that such a dispute exists. *See* Fed. R. Civ. P. 56(c); *Matsushita,* 475 U.S. at
17 586 n. 11. This burden is "not a light one," and requires the nonmoving party to "show
18 more than the mere existence of a scintilla of evidence." *Id.* (quoting *In re Oracle Corp.
19 Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)). The non-moving party "must come forth
20 with evidence from which a jury could reasonably render a verdict in the non-moving
21 party's favor." *Pac. Gulf Shipping Co.*, 992 F.3d at 898 (quoting *Oracle Corp. Sec. Litig.*,
22 627 F.3d at 387). Mere assertions and "metaphysical doubt as to the material facts" will
23 not defeat a properly supported and meritorious summary judgment motion. *Matsushita
24 Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

25 When a *pro se* litigant opposes summary judgment, his or her contentions in
26 motions and pleadings may be considered as evidence to meet the non-party's burden to
27 the extent: (1) contents of the document are based on personal knowledge, (2) they set
28 forth facts that would be admissible into evidence, and (3) the litigant attested under

penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

Upon the parties meeting their respective burdens for the motion for summary judgment, the court determines whether reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015). The court may consider evidence in the record not cited by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3). Nevertheless, the court will view the cited records before it and will not mine the record for triable issues of fact. *Oracle Corp. Sec. Litig.*, 627 F.3d at 386 (if a nonmoving party does not make nor provide support for a possible objection, the court will likewise not consider it).

### III.   DISCUSSION

On May 5, 2021, both Nall and Defendants filed competing motions for summary judgment on Nall's Eighth Amendment deliberate indifference to serious medical needs claim related to Aranas's policy discontinuing the non-formulary use of Neurontin at all NDOC facilities. (ECF Nos. 44, 45.) Having reviewed both motions, the Court recommends both motions be denied.

####   A.   Eighth Amendment Deliberate Indifference to Serious Medical Needs

The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency" by prohibiting the imposition of cruel and unusual punishment by state actors. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (internal quotation omitted). The Amendment's proscription against the "unnecessary and wanton infliction of pain" encompasses deliberate indifference by state officials to the medical needs of prisoners. *Id.* at 104 (internal quotation omitted). It is thus well established that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Id.* at 105.

Courts in this Circuit employ a two-part test when analyzing deliberate indifference claims under the Eighth Amendment. The plaintiff must satisfy "both an objective

standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation omitted). First, the objective component examines whether the plaintiff has a "serious medical need," such that the state's failure to provide treatment could result in further injury or cause unnecessary and wanton infliction of pain. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Serious medical needs include those "that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell*, 763 F.3d at 1066 (internal quotation omitted).

Second, the subjective element considers the defendant's state of mind, the extent of care provided, and whether the plaintiff was harmed. "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hallett v. Morgan,* 296 F.3d 732, 744 (9th Cir. 2002) (internal quotation omitted). However, a prison official may only be held liable if he or she "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1050, 1057 (9th Cir. 2004). The defendant prison official must therefore have actual knowledge from which he or she can infer that a substantial risk of harm exists, and also make that inference. *Colwell*, 763 F.3d at 1066. An accidental or inadvertent failure to provide adequate care is not enough to impose liability. *Estelle*, 429 U.S. at 105–06. Rather, the standard lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other. . . ." *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). Accordingly, the defendants' conduct must consist of "more than ordinary lack of due care." *Id.* at 835 (internal quotation omitted).

**1.   Analysis**

Starting with the objective element, Defendants dispute that Nall's neuropathy and fibromyalgia and the pain associated with both disorders constitutes a "serious medical need." The Court is troubled by this argument, as it is well established that "the existence

of chronic and substantial pain"—such as pain associated with neuropathy—is a serious medical need because the failure to treat it could lead to the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. *Colwell*, 763 F.3d 1068; *Helling v. McKinney*, 509 U.S. 25, 32-35 (1993).

Notwithstanding this, Defendants further argue that summary judgment should be granted because Nall cannot establish the second, subjective element of his claim. Specifically, Defendants argue they were not deliberately indifferent to pain caused by Nall's neuropathy and fibromyalgia.

In some circumstances, a plaintiff may be able to prove deliberate indifference when treatment for patients is medically indicated but the defendant knowingly institutes a blanket, categorical denial of medical treatment based on an administrative policy that requires prisoners with particular serious medical needs to go without the proper medical care. *Colwell*, 763 F.3d at 1063, 1068. This is precisely Nall's argument—that Aranas's policy to discontinue the non-formulary use of Neurontin constituted the deliberate indifference. However, Defendants do not address Nall's specific assertions regarding Aranas's policy, instead they provide general argument about other treatment Nall received. Defendants do not provide any evidence *from* Aranas about the policy.

Additionally, in response to Nall's motion for summary judgment, Defendants specifically state, "because [Nall's] motion has genuine issues of material fact, [Nall's] motion should be denied." (ECF No. 55 at 11; *see also id.* at 5 (stating Nall's motion should be denied as to his deliberate indifference claim because genuine issues of material facts exist in his motion).) The Court agrees; a reasonable finder of fact could conclude that Aranas deliberately instituted a policy that categorical denied Nall use of Neurontin for his neuropathic pain, which resulted in the wanton infliction of pain on Nall, and thus, Aranas was deliberately indifferent to Nall's serious medical needs.

Defendants have not met their initial burden on summary judgment by showing the absence of a genuine issue of material fact as to the deliberate indifference claim. *See Celotex Corp.*, 477 U.S. at 325. Therefore, the Court recommends both motions be

denied, as genuine issues of matter fact exist as to Nall's Eighth Amendment deliberate indifference claim.

### B.     Qualified Immunity

The Eleventh Amendment bars damages claims and other actions for retroactive relief against state officials sued in their official capacities. *Brown v. Oregon Dept. of Corrections*, 751 F.3d 983, 988–89 (9th Cir. 2014) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). State officials who are sued individually may also be protected from civil liability for money damages by the qualified immunity doctrine. More than a simple defense to liability, the doctrine is "an entitlement not to stand trial or face other burdens of litigation . . ." such as discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

When conducting a qualified immunity analysis, the court asks "(1) whether the official violated a constitutional right and (2) whether the constitutional right was clearly established." *C.B. v. City of Sonora*, 769 F.3d 1005, 1022 (9th Cir. 2014) (citing *Pearson v. Callahan*, 555 U.S. 223, 232, 236 (2009)). A right is clearly established if it would be clear to a reasonable official in the defendant's position that his conduct in the given situation was constitutionally infirm. *Anderson v. Creighton,* 483 U.S. 635, 639–40, (1987); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915 (9th Cir. 2012). It is not necessary that there be a prior case with the identical facts showing that a right is clearly established. It is enough that there is preexisting law that provides a defendant "fair warning" that his conduct was unlawful. *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1065 (9th Cir. 2006).

Defendants contend they are entitled to qualified immunity because "there is [no] Constitutional right to treat fibromyalgia with Neurontin." (ECF No. 45 at 13.) According to Defendants motion, there must be a case directly on point directing medical professionals within the prison setting to provide a certain course of treatment. This position has expressly been rejected by the Supreme Court and the Ninth Circuit. It is not required that there be a case directly on point before concluding that the law is clearly

established, "but existing precedent must have placed the statutory or constitutional question beyond debate." *Stanton v. Sims*, 571 U.S. 3, 6 (2013) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011)). "For a right to be clearly established it is not necessary that the very action in question have previously been held unlawful." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (citing *Anderson*, 483 U.S. at 640). "To define the law in question too narrowly would be to allow defendants to define away all potential claims." *Jackson*, 90 F.3d at 332 (citing *Kelley v. Borg*, 60 F.3d 664, 667 (9th Cir. 1995)).

It is settled law that deliberate indifference to serious medical needs of prisoners violates the Eighth Amendment. *Jackson*, 90 F.3d at 332 (9th Cir. 1996) (citing *Estelle*, 429 U.S. at 104). Specifically, it is settled law that choosing a course of treatment that is medically unacceptable under the circumstances and is chosen in conscious disregard of an excessive risk to an inmate's health is a constitutional violation. *Toguchi*, 391 F.3d at 1058 (citing *Jackson*, 90 F.3d at 332). Further, it is settled law that a plaintiff may be able to prove deliberate indifference when treatment for patients is medically indicated but the defendant knowingly institutes a blanket, categorical denial of medical treatment on the basis of an administrative policy that requires prisoners with particular serious medical needs to go without the proper medical care. *Colwell*, 763 F.3d at 1063, 1068. Thus, the constitutional right was clearly established such that reasonable prison officials would have known that providing medically unacceptable treatments based on blanket policies constitutes unlawful deliberate indifference. Accordingly, the Court finds that the constitutional right is clearly established, and Defendants are not entitled to qualified immunity. Therefore, the Court recommends denying Defendants' motion based on qualified immunity.

### C.     Injunctive Relief

Finally, to the extent Nall is seeking injunctive relief from Minev to change the policy related to discontinuing the non-formulary use of Neurontin at all NDOC institutions, it appears this issue is moot. Nall states in his motion for summary judgment that after almost four years, "both Neurontin and Lyrica were added to the NDOC's formulary by a

new medical director, Michael Minev." (ECF No. 44 at 23.) Defendants do not present any evidence to the contrary. Accordingly, the Court recommends Nall's claim for injunctive relief against Minev be dismissed and because there are no other allegations related to Minev, that Minev be dismissed as a defendant from this action.

## IV.    CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Nall's motion for summary judgment, (ECF No. 44), and Defendants' motion for summary judgment, (ECF No. 45), be denied.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.    RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Nall's motion for summary judgment, (ECF No. 44), be **DENIED.**

**IT IS FURTHER RECOMMENDED** that Defendants' motion for summary judgment, (ECF No. 45), be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Nall's claim for injunctive relief against Defendant Minev be **DISMISSED**, and Minev be **DISMISSED** as a defendant from this action.

**DATED**: September 21, 2021

UNITED STATES MAGISTRATE JUDGE