UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TYRONE T.H. NALL,

                Plaintiff,

v.

KIM ANDERSON, *et al.*,

                Defendants.

Case No. 3:19-cv-00054-MMD-CLB

ORDER

## I.    SUMMARY

*Pro se* Plaintiff Tyrone T.H. Nall, who is an inmate at Lovelock Correctional Center ("LCC"), brings this action under 42 U.S.C. § 1983 against Defendants Romeo Aranas and Michael Minev, the former and current medical directors of the Nevada Department of Corrections ("NDOC"), respectively. (ECF No. 9.) Nall asserts an Eighth Amendment claim for deliberate indifference to a serious medical need. (*Id.*) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Carla L. Baldwin (ECF No. 73), recommending the Court deny both parties' cross-motions for summary judgment and dismiss Defendant Minev.[1] (ECF No. 44 ("Nall's Motion"); ECF No. 45 ("Defendants' Motion").) Both Nall and Defendants filed objections to the R&R.[2] (ECF No. 74 ("Nall's Objection"); ECF No. 75 ("Defendants' Objection").)

As further explained below, the Court will adopt the R&R in its entirety. Because there is a genuine dispute of fact whether Aranas was deliberately indifferent to Nall's

---

[1]Defendants responded to Nall's Motion (ECF No. 55) and Nall replied (ECF No. 68). Nall likewise responded to Defendants' Motion (ECF No. 66), but Defendants did not reply.

[2]Nall responded to Defendants' Objection (ECF No. 77), but Defendants did not file a response to Nall's Objection.

serious medical need, the Court will deny both Motions as to the merits of Nall's Eighth Amendment claim. Moreover, because categorical denial of care leading to treatment that is medically unacceptable under the circumstances violates a clearly established right, the Court will also deny Defendants' Motion as to their qualified immunity argument. Finally, because Nall's requested relief against Minev is moot, the Court will dismiss him from this action.

## II.  BACKGROUND

The Court incorporates by reference Judge Baldwin's recitation of Nall's allegations in the FAC provided in the R&R, which the Court adopts. (ECF No. 73 at 1-3.)

## III.  LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because the parties objected. (ECF No. 74, 75.)

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to

resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986) (citation omitted).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient[.]" *Anderson*, 477 U.S. at 252.

**IV.      DISCUSSION**

Nall objects to the denial of his Motion and the denial of his request for injunctive relief against Minev. (ECF No. 74 at 2-4.) Defendants object solely to the denial of summary judgment on their qualified immunity argument. (ECF No. 75 at 5.) The Court will first address Nall's Objection to the denial of his Motion, then will consider Defendants' Objection to the denial of their qualified immunity argument. Finally, the Court will address Nall's Objection to the dismissal of Defendant Minev.

**A.      Eight Amendment Claim**

Judge Baldwin concluded that there is a genuine dispute about whether Defendants' conduct violated the Eighth Amendment, and therefore both parties' Motions should be denied. (ECF No. 73 at 7-8.) Defendants did not object to Judge Baldwin's

3

reasoning, but Nall did. (ECF No. 74.) Accordingly, the Court reviews the denial of Nall's Motion de novo.

In the Ninth Circuit, courts use a two-part test to analyze Eighth Amendment deliberate indifference claims. A plaintiff must satisfy "both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation omitted). A plaintiff demonstrates a serious medical need by showing that "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002). A defendant official's mere negligence does not give rise to a deliberate indifference claim—instead, something akin to recklessness, "between the poles of negligence at one end and purpose or knowledge at the other," is required. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994).

"In cases involving 'choices between alternative courses of treatment,' plaintiff 'must show that the course of treatment the doctors chose was medically unacceptable under the circumstances' and that 'they chose this course in conscious disregard of an excessive risk to plaintiff's health.'" *Gordon v. Cnty. of Orange*, 6 F.4th 961, 971 (9th Cir. 2021) (internal citation omitted). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981). However, it is "well settled that prison officials violate the Constitution when they choose a course of treatment that is 'medically unacceptable under all of the circumstances.'" *Gordon*, 6 F.4th at 971 (internal citation omitted). Indeed, the Ninth Circuit has held that a "blanket, categorical denial" of treatment "solely on the basis of an administrative policy . . . is the paradigm of deliberate indifference." *Colwell*, 763 F.3d at 1063.

1    Whether Nall's chronic pain constitutes a serious medical need does not appear to
2    be genuinely in dispute. Indeed, as Judge Baldwin notes, "the existence of chronic and
3    substantial pain" is a serious medical need, *Colwell*, 763 F.3d at 1066 (citation omitted),
4    and failure to treat conditions like neuropathy can lead to unnecessary and wanton
5    infliction of pain contrary to contemporary standards of decency. (ECF No. 73 at 7-8.)
6    Defendants argue instead that because Nall was prescribed alternative medications—
7    including ibuprofen, NSAIDs, and ultimately Oxycodone—which eventually reduced his
8    pain and permitted him to work, he cannot show that the course of treatment evinced
9    deliberate indifference to his pain. (ECF No. 45 at 4.) It is undisputed that in December
10   2016, Aranas issued a memorandum advising medical staff that Neurontin "was no longer
11   formulary." (ECF Nos. 9 at 7, 45 at 3.) Nall argues that this decision was made for purely
12   financial reasons and resulted in his increased symptomatic pain for several years. (ECF
13   No. 44 at 3.) Nall concludes that Aranas' decision to discontinue the use of Neurontin
14   NDOC-wide without providing guidance for prescribing replacement medication to treat
15   neuropathy and chronic pain evinced deliberate indifference to his serious medical need.
16   (*Id.* at 19-20.) Judge Baldwin reasons that summary judgment is not appropriate for either
17   party because this subjective element of the analysis was genuinely in dispute. (*Id.* at 8.)

18   The Court agrees with Judge Baldwin's conclusion that a reasonable finder of fact
19   could find that Aranas deliberately instituted a categorically applicable policy that was
20   medically inappropriate under all the circumstances because it resulted in the wanton
21   infliction of pain on Nall. On the other hand, viewed in the light most favorable to
22   Defendants, a reasonable finder of fact could conclude that Aranas was not deliberately
23   indifferent to Nall's serious medical needs, as Nall's was prescribed replacement
24   medication which improved his overall health and decreased his pain. Whether Aranas
25   acted with deliberate indifference to Nall's serious medical need is therefore genuinely in
26   dispute. Accordingly, neither party has met their burden that they are entitled to judgement
27   as a matter of law on Nall's Eighth Amendment claim. Nall's Objection is therefore
28   overruled, and the Court will deny both motions for summary judgment the merits of Nall's

deliberate indifference claim.

### B. Qualified Immunity

Judge Baldwin also rejected Defendants' argument that they are entitled to summary judgment based on qualified immunity. (ECF No. 73 at 9-10.) Because it is clearly established constitutional law that prison officials violate the Eighth Amendment by implementing categorical medical policies that fail to provide acceptable medical care, Judge Baldwin found that Defendants are not entitled to summary judgment on qualified immunity based on the facts of this case. (*Id.* at 10.) Defendants objected, arguing that the facts do not support that the course of treatment in this case was medically unacceptable and there is no clearly established law that would have put them on notice that the chosen medical treatment was unconstitutional. (ECF No. 75 at 5.)

"In determining whether a state official is entitled to qualified immunity in the context of summary judgment, [courts] consider (1) whether the evidence viewed in the light most favorable to the plaintiff is sufficient to show a violation of a constitutional right and (2) whether that right was 'clearly established at the time of the violation.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 670 (9th Cir. 2021) (quoting *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 592 (9th Cir. 2019)). "Whether a constitutional right is clearly established is purely a question of law for the court to decide." *Gordon*, 6 F.4th at 968.

But a defendant is not entitled to qualified immunity "simply because 'the very action in question has [not] previously been held unlawful.'" *Sandoval*, 985 F.3d at 680 (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). "State '[o]fficials can still be on notice that their conduct violates established law even in novel factual circumstances'—i.e., even without a prior case that had 'fundamentally similar' or 'materially similar' facts.'" *Id.* (internal citations omitted). "The [individual defendant's] actual subjective appreciation of the risk is not an element of the established-law inquiry." *Id.* at 678. When a reasonable jury could conclude that state officials acted with deliberate indifference to a serious medical need, summary judgment on qualified immunity is not appropriate. *See id.* at 665.

Defendants argue in their Objection that Nall was required to provide precedent

1  demonstrating whether a right was clearly established (ECF No. 75 at 4), but Ninth Circuit
2  caselaw holds otherwise. *See Gordon*, 6 F.4th at 969 ("[B]ecause resolving whether the
3  asserted federal right was clearly established presents a pure question of law, we draw
4  on our 'full knowledge' of relevant precedent rather than restricting our review to cases
5  identified by the plaintiff.") (quoting *Elder v. Holloway*, 510 U.S. 510, 516 (1994)). The
6  Court therefore considers law which clearly established when Aranas issued the
7  memorandum revoking the use of Neurontin, irrespective of whether Nall cited to it directly.
8  At the time Aranas issued the memorandum, *Colwell v. Bannister* had been circuit law for
9  almost two years. *See* 763 F.3d 1060 (9th Cir. 2014). The Ninth Circuit expressly stated
10 in *Colwell* that "the blanket, categorical denial of medically indicated surgery solely on the
11 basis of an administrative policy that 'one eye is good enough for prison inmates' is the
12 paradigm of deliberate indifference." *Id.* at 1063. In the time after *Colwell* but before Aranas
13 issued the memorandum, several district courts in this circuit relied on that exact language,
14 including in a case in this district in which medical treatment at NDOC was at issue. *See,*
15 *e.g., Brodsky v. Atwood*, Case No. 3:16-cv-00023-MMD-WGC, 2016 WL 3921142, at *1
16 (D. Nev. Jul. 20, 2016). The Court therefore finds that it was—and remains—settled law
17 that denial of treatment based on a categorical policy constitutes deliberate indifference to
18 a serious medical need when that policy provides unacceptable medical care under all of
19 the circumstances.

20       Defendants next argue that this precedent is insufficiently specific to put them on
21 notice that their actions violated clearly established constitutional rights. (ECF No. 75 at
22 5-8.) But Defendants' attempt to distinguish the holding in *Colwell v. Bannister*[3] creates an
23 illusory distinction crafted from a standard that is "too particular" and which risks "defin[ing]
24 away all potential claims." *See Gordon*, 6 F.4th at 969 (internal citation omitted).

---

26 [3]Defendants also attempt to distinguish *Toguchi v. Chung*, 391 F.3d 1051 (9th Cir. 2004). (ECF No. 75 at 7.) However, Judge Baldwin relied on *Toguchi* only for the general
27 proposition that "it is settled law that choosing a course of treatment that is medically unacceptable under the circumstances and is chosen in conscious disregard of an
28 excessive risk to an inmate's health is a constitutional violation," a rule that is not in dispute, even in Defendants' Objection. (ECF No. 73 at 10.)

1  Defendants argue that *Colwell* is distinguishable because Nall was not "denied treatment"
2  pursuant to NDOC policy, but rather was given "an alternative treatment plan." (ECF No.
3  75 at 7.) But to limit the rule in *Colwell* only to circumstances in which treatment is denied
4  outright, instead of including circumstances in which treatment is delayed or intentionally
5  interfered with, runs counter to this Circuit's precedent. *See Hallett*, 296 F.3d at 744
6  (explaining various ways in which insufficient medical care could violate the Eighth
7  Amendment). Moreover, Nall argues that the substitute treatment was effectively a denial
8  of treatment because the replacement medications did not provide him "meaningful pain
9  management." (ECF No. 44 at 20.) While it is true that whether the replacement
10 medications were effectively a denial of treatment remains factually in dispute, for
11 purposes of Defendants' Motion on qualified immunity that dispute must be viewed in the
12 light most favorable to Nall. Even if substitution of medication could not be considered a
13 denial of effective treatment, prescribing a substitute medication which does not alleviate
14 pain when the sole purpose of prescribing medication at all is pain management clearly
15 constitutes interfering with appropriate treatment. Because it is clearly established that
16 failing to treat a serious medical need based solely on an administrative policy constitutes
17 deliberate indifference, it would not be appropriate to grant summary judgment on
18 Defendants' qualified immunity defense.

### C.   Injunctive Relief Against Minev

20 Judge Baldwin recommends granting summary judgment on Nall's claim for
21 injunctive relief against Defendant Minev because that remedy is moot. (ECF No. 73 at
22 10.) Nall states in his Motion that Minev added Neurontin and Lyrica back to NDOC's
23 formulary. (ECF No. 44 at 23.) Because the only relief Nall requests respecting Minev is
24 injunctive, Judge Baldwin recommends Minev be dismissed. (ECF No. 73 at 11.) Nall
25 argues in his Objection that dismissal of Minev is premature because NDOC doctors may
26 reduce his dosage at any time, creating a problem that is capable of repetition. (ECF No.
27 74 at 4-5.) The Court appreciates Nall's concerns, but as Nall argues in his Objection, any
28 changes regarding his prescription dosages are treatment choices made by NDOC

doctors based on what they consider his medical treatment requires, separate and apart from whether Neurontin or Lyrica are listed as formulary. Insofar as Nall is asserting that the doctors changing his prescription dosages would constitute an Eighth Amendment violation similar to the violation he asserts in the FAC, that decision would arise out of a separate set of facts than those alleged in the FAC.

Because the relief Nall could obtain from Minev has already been provided, the Court finds that Nall's claim against him is moot.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Nall's objection (ECF No. 74) to Judge Baldwin's Report and Recommendation is overruled.

It is further ordered that Defendants' objection (ECF No. 75) to Judge Baldwin's Report and Recommendation is overruled.

It is further ordered that Judge Baldwin's Report and Recommendation (ECF No. 73) is adopted in full.

It is further ordered that Nall's motion for summary judgment (ECF No. 44) is denied.

It is further ordered that Defendant's motion for summary judgment (ECF No. 45) is denied in part, as stated herein.

It is further ordered that Nall's claim against Defendant Michael Minev is dismissed as moot. Minev is therefore dismissed from this action.

DATED THIS 22nd Day of October 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE